OPINION OF THE COURT
John W. Fried, J.
The question presented in this summary proceeding to recover possession of real property for nonpayment of rent is whether a Section 8 landlord may recover his leased Section 8 unit and obtain a money judgment for rent arrears because his Section 8 tenant refused to pay “rent” not approved by a public housing agency, for use of a room, which is not part of the Section 8 unit, but which is accessible only through the Section 8 unit. The short answer is “no.”
The verified petition, dated June 14, 2012, alleges that, on December 1, 2008, respondent leased, pursuant to an “apartment rental agreement,” the second floor of 41 Stone Avenue in the Village of Ossining for a monthly rent of $200. The petition alleges further that respondent owes petitioner rent for the following months, with interest from October 2011:
[[Image here]]
On the return date of the petition, respondent alleged verbally, as an affirmative defense, that she did not owe petitioner the rent arrears demanded in the petition. As a consequence, the court ordered a trial, which was conducted on July 18, August 30, and October 11, 2012. At the trial, petitioner Anton Zic and respondent Tanisha Smith testified. Also testifying was Felicia Ramos, the program director of CVR New York, which is the current administrator of Westchester County’s Section 8 Housing Choice Voucher Program, which is the responsible public housing agency.
The Section 8 program came into being as part of the Housing and Community Development Act of 1974. (42 USC §§ *441 1404a-1440.) Congress intended the program to provide decent, affordable housing to low-income families. Section 8 programs give landlords rental subsidies for each qualified tenant who occupies an approved housing unit. Units must meet minimal habitability standards and have rent limitations. Families are accepted for the program on the basis of their income: only a family whose annual income does not exceed 80% of the median income for the area in which the family lives is eligible. As rent, a Section 8 tenant must pay either 30% of the family’s monthly adjusted income or 10% of the family’s gross monthly income, whichever of the two amounts is greater. (42 USC § 1437a [a] [1].) A U.S. Department of Housing and Urban Development (HUD) approved public housing agency, such as, in this case, Westchester County’s Housing Choice Voucher Program, pays the balance of the rent. That way, a Section 8 family is not forced to choose between food, shelter, and clothing when allocating its limited resources. (Williams v New York City Hous. Auth., 1994 WL 323634, *2, 1994 US Dist LEXIS 9058, *1-6 [SD NY, July 5, 1994, No. 81 Civ 1801 (RJW)]; Greenwich Gardens Assoc. v Pitt, 126 Misc 2d 947 [Nassau Dist Ct 1984].)
On December 1, 2008, petitioner and respondent executed a one-year lease for an apartment on the second floor of 41 Stone Avenue for a monthly rent of $1,750. (Petitioner’s exhibit 2.) At about the same time, petitioner, respondent, and the Westchester County Section 8 program jointly executed a housing assistance payments (HAP) contract for the same second floor of 41 Stone Avenue (the Section 8 premises), for the same one-year period, and for the same monthly rent of $1,750. The stated purpose of the HAP contract was to provide respondent and her family only with rental assistance for the Section 8 premises. As part of the HAP contract, petitioner agreed to accept the initial monthly rent of $1,750 with Westchester County’s Section 8 program paying $1,364 monthly and with respondent paying the remainder monthly, $386. (Petitioner’s exhibit 3.)
When the lease and the HAP contract expired on November 30, 2009, respondent became a month-to-month tenant and the HAP contract was renewed thereafter, on a yearly basis, with the consent of the parties, through at least November 30, 2012. Beginning on January 1, 2012, CVR New York increased the total monthly rent for the Section 8 premises to $1,864 with respondent paying $286 per month and CVR New York paying $1,578 monthly. (Petitioner’s exhibit 5.)
During the trial, petitioner testified that he sought recovery of the Section 8 premises and a judgment for rent arrears *442 because respondent, in March 2012, had ceased paying “rent” of $200 a month for an attic room on the third floor of 41 Stone Avenue, which is accessible only through the Section 8 premises on the second floor of 41 Stone Avenue. Petitioner testified that he believed respondent and possibly people other than members of respondent’s family were using the third-floor attic as a bedroom. Respondent acknowledged at the trial that she and others occupied the third-floor attic as a bedroom, but that she ceased paying petitioner $200 a month for the third-floor attic room when she learned that she might lose her Section 8 eligibility by making those payments. Neither party offered evidence as to whether the certificate of occupancy for 41 Stone Avenue permits the third-floor attic to be used as a bedroom. Finally, petitioner acknowledged that respondent is not in arrears with respect to her share of the monthly rent that CVR New York had approved for 2012.
The court holds that, based on the petition as pleaded by petitioner, he may not recover the Section 8 premises and obtain a money judgment for rent arrears because petitioner refused to pay “rent,” which CVR New York did not approve, for the third-floor attic room.
By agreeing to accept a Section 8 tenant and by executing the HAP contract, petitioner became bound by its terms. The contract provides that, during its term, “the rent to owner [petitioner] may at no time exceed the reasonable rent for the contract unit as most recently determined or redetermined by [CVR New York] in accordance with HUD requirements.” (Petitioner’s exhibit 3, part B, 1i 6 [a].) The HAP contract also provides that petitioner certifies that “[e]xcept for the rent to [petitioner], the [petitioner] has not received and will not receive any payments or other consideration (from [respondent], ... or any public or private source) for rental of the [premises] during the HAP contract term.” (Petitioner’s exhibit 3, 1Í 8 [d].)
Here, petitioner breached the HAP contract by charging respondent $200 a month in “rent,” without the knowledge and approval of CVR New York, for respondent’s use of the third-floor attic room at 41 Stone Avenue. Petitioner also violated HUD regulations, which provide that the rent paid by a Section 8 tenant can be changed only with the permission of the responsible public housing agency. (24 CFR 880.607 [d]; 880.609.) In Crutchley v Costa (2001 NY Slip Op 40475[U] [Nassau Dist Ct 2001]), the court sustained a Section 8 tenant’s *443 counterclaim in a summary proceeding based on an allegation that the tenant’s boyfriend had paid the landlord rent in excess of the Section 8 lease amount, so that the landlord would receive the same rent as he had received from the prior tenant. In that case, the court found the landlord’s acceptance of money in excess of the Section 8 rent was “reprehensible,” based on a conclusion that the Section 8 program is intended “to enable a family to receive government aid in order to afford a rental apartment, not to enlarge the pockets of greedy landlords.” (Id. at *5-6.) Instead of extracting money from respondent for her use of the third-floor attic, petitioner could have applied to make the third-floor attic bedroom part of the Section 8 premises, assuming the certificate of occupancy permitted that use, or petitioner should have blocked respondent’s access to the attic. Petitioner did neither.
Accordingly, it is the judgment of the court that the verified petition is dismissed with prejudice, without costs to either party, and the clerk of the court is directed to send a copy of this decision and judgment to CVR New York and to the Director of Code Enforcement for the Village of Ossining.