Jonathan Rosenzweig and LAURA LIEBERMAN, Respondents, 
against
Stephen J. Hanna, Appellant.



Appeal from a final judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), entered March 3, 2015. The final judgment, after a nonjury trial, awarded landlords possession and the principal sum of $7,727 in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the petition is dismissed.
In this nonpayment proceeding, the petition alleges that tenant, a participant in the Section 8 Housing Choice Voucher Program (see 42 USC § 1437f [b] [1]), entered into possession under a written lease for the monthly sum of $2,000 and failed to pay rent for the months of November 2014 through January 2015. At a nonjury trial, tenant asserted, among other things, that the monthly rent was $1,900. Landlords claimed that the lease provided for a monthly rent of $2,000, with a discount of $100 if rent were paid on time. Following the trial, the District Court awarded arrears for the months in question based on a $2,000 monthly rent.
Pursuant to the petition, which was not amended, landlords were required to prove that a lease existed for the period alleged and that tenant had agreed therein to pay the sum of $2,000 per month in rent (see 2268 Church Ave., LLC v Clarke, 48 Misc 3d 127[A], 2015 NY Slip Op 50915[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Longobardi v Martin, 43 Misc 3d 128[A], 2014 NY Slip Op 50525[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). A review of the record, as transmitted to this court, indicates that landlords failed to establish the existence of a lease for the period for which arrears were sought, as the last lease appears to have expired in October 2014. Moreover, the record shows that the amount of the rent as determined and approved by the public housing authority in accordance with Department of Housing and Urban Development requirements was $1,900. Under the terms of the applicable Section 8 agreements, the rent could not exceed that amount (see Zic v Smith, 38 Misc 3d 439, 442 [Town of Ossining Just Ct 2012]).
Inasmuch as landlords failed to prove the allegations set forth in the petition, i.e., the existence of a lease for the period in question and that the monthly rent was $2,000, we reverse the final judgment and dismiss the petition. In view of the foregoing, we do not consider tenant's other arguments.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 25, 2017